IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-46047 |
| TOFFIE A. MALOLEY, ) | |
| ) | CH. 12 |
| Debtor. ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-46050 |
| MALOLEY LAND COMPANY, INC., ) | |
| ) | CH. 12 |
| Debtor. ) | |

## ORDER

Hearing was held on February 7, 2007, on confirmation of the amended Chapter 12 plans filed by Toffie A. Maloley in Case No. BK05-46047 (Fils. #183 & #185), and a similar, if not duplicate, plan filed by Maloley Land Co., Inc., in Case No. BK05-46050 (Fil. #116) and objections to the plans by Wayne Griffin (Fil. #192 in Case No. BK05-46047), Agri Co-op (Fil. #120 in Case No. BK05-46050), and the Internal Revenue Service (Fil. #123 in BK05-46050). Toffie Maloley appeared pro se in both cases, Richard Lydick appeared as Chapter 12 trustee, Wayne Griffin appeared pro se, Thomas Jeffers appeared for Agri Co-op, and Lisa Hunter appeared for the Internal Revenue Service.

Neither plan can be approved and amended plans must be filed.

In each case, Wayne Griffin, former counsel for the debtors, has objected that his claim for administrative expenses, although in dispute by the debtors, is not dealt with at all in either plan. He asserts, and is correct, that the plans must deal with the payment of some amount and, from his point of view, with the full amount. The resolution of the dispute over attorney fees has not occurred and Mr. Maloley has been granted additional time to provide evidence in support of his objection to the allowance of the fees. Nevertheless, the plans cannot be confirmed without dealing in some way with the fee applications.

Agri Co-op has objected to the plan in the Maloley Land Company, Inc., case because the debt owed to Agri Co-op is not dealt with in a meaningful way in the plan. In addition, the plan does not propose that Agri Co-op will retain its lien, and the plan does not adequately account for the 2005 crop yield in which Agri Co-op has a perfected security interest.

Through various filings, Mr. Maloley has informed the court that he is attempting to obtain some funds from his former wife which should have gone to Agri Co-op and, in addition, he is paying Agri Co-op $500 per month for a period of six months. None of that information is made clear in the plan. An amended plan will need to be very specific with regard to the debt of Agri Co-op, the manner in which it will be paid, and the liens, if any, that it shall retain.

The Internal Revenue Service has objected to the Maloley Land Company, Inc., plan because the IRS has a priority claim which is not dealt with in the plan. The plan provides that the debt to the IRS is acknowledged, but the amount is disputed. The plan does not suggest how the

amount, once finally determined, is to be paid. Any amended plan must explain the source of funds for payment of the claim and the time frame for such payment.

IT IS ORDERED: Confirmation of the amended Chapter 12 plans filed by Toffie A. Maloley in Case No. BK05-46047 (Fils. #183 & #185), and by Maloley Land Co., Inc., in Case No. BK05-46050 (Fil. #116) is denied. The debtors are granted until July 6, 2007, to file an amended plan in each case.

DATED this 9th day of April, 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Toffie A. Maloley
    Wayne Griffin
    Richard Lydick
    Thomas Jeffers
    Lisa Hunter
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.