IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-46050 |
| MALOLEY LAND COMPANY, INC., ) | |
| ) | CH. 12 |
| Debtor(s) ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. 05-46047 |
| TOFFIE A. MALOLEY, ) | |
| ) | CH. 12 |
| Debtor(s) ) | |

## ORDER

    Hearing was held in Lincoln, Nebraska, on May 30, 2007, regarding Nebraska National Bank's Motion for Authorization to Disburse Surplus Proceeds of U.C.C. Sale (Fil. #159 in Case No. BK05-46060 and Fil. #231 in Case No. BK05-46047). Toffie A. Maloley appeared pro se, Michael Snyder appeared for Nebraska National Bank, and Michael Whaley appeared for John Deere Company.

    Nebraska National Bank was granted relief from the automatic stay to foreclose on and sell its collateral. It did so and now is holding a surplus. The bank proposed a distribution of a portion of the surplus to John Deere Company and a portion to Toffie Maloley's former spouse who claimed ownership of certain of the property.

    Toffie Maloley, in his individual capacity and in his capacity as an officer of Maloley Land Company, has objected. He argues that he was awarded all of the property in the divorce and that none should go to his former spouse, particularly because she cashed some government checks rather than turning the proceeds over to the creditor with an interest in the proceeds.

    The funds that the bank proposes to send to the former spouse should be sent to the Chapter 12 trustee in the Toffie Maloley case. He may hold those funds subject to further litigation between Toffie Maloley and his former spouse.

    Mr. Maloley objects to disbursing funds to John Deere Company because he claims John Deere Company did not have a validly perfected security interest. He presented evidence that John Deere Company did not dispute that the financing statement filed to perfect John Deere Company's lien on a tractor listed an erroneous serial number. It was his position that using the erroneous serial number makes the financing statement materially misleading, causing John Deere Company to lose its perfected status. Furthermore, he claims that neither John Deere Company nor the bank have a perfected lien on the tractor because neither entity perfected its lien by having it noted on the certificate of title.

    With regard to the Certificate of Title Act issue, Mr. Maloley is simply wrong. Nebraska Revised Statute § 60-123 excludes farm tractors from the definition of "motor vehicle." Since only motor vehicles are subject to the Certificate of Title Act, neither lien needed to be noted on a certificate of title, if such certificate even exists.

    With regard to the assertion that the financing statement is materially misleading, Mr.

Maloley is also incorrect.  The Nebraska Uniform Commercial Code at § 9-504 provides:

> A financing statement sufficiently indicates the collateral that it covers if the financing statement provides:
> (1)  a description of the collateral pursuant to section 9-108; or
> (2)  an indication that the financing statement covers all assets or all personal property.

U.C.C. § 9-108 permits a general description of the collateral and does not require serial numbers or vehicle identification numbers.

A financing statement is an instrument "designed to notify third parties (generally prospective buyers or lenders) that there may be an enforceable security interest in the property of the debtor." Kubota Tractor Corp. v. Citizens & S. Nat'l Bank, 403 S.E.2d 218, 222(Ga. Ct. App. 1991) (quoting Villa v. Alvarado State Bank, 611 S.W.2d 483, 486-87 (Tex. Civ. App. 1981)). "Once a financing statement is on file describing property by type, the entire world is warned, not only that the secured party may already have a security interest in the property of that type . . . but that it may later require a perfected security interest in property of the same type acquired by the debtor in the future." Kubota, 403 S.E.2d at 223 (quoting James Talcott, Inc. v. Franklin Nat'l Bank, 194 N.W.2d 775, 783 (Minn. 1972)).  An incorrect serial number does not invalidate perfected status as long as the name of the debtor, the name of the lender and a general description of the collateral is provided.  Improved Mach., Inc. v. Delta Molded Prods., Inc. (In re Delta Molded Prods., Inc.), 416 F. Supp. 938, 941 (N.D. Ala. 1976); accord Cent. Nat'l Bank & Trust Co. of Enid v. Cmty. Bank & Trust Co. of Enid, 528 P.2d 710, 712 (Okla. 1974).

The financing statement in this case did have the proper name of the debtor, the proper name of the holder of the security interest and did have a general description of farm equipment. The interest of John Deere Company was properly perfected.  Therefore,

IT IS ORDERED that Nebraska National Bank's Motion for Authorization to Disburse Surplus Proceeds of U.C.C. Sale (Fil. #159 in Case No. BK05-46060 and Fil. #231 in Case No. BK05-46047) is granted.  The funds that the bank proposes to distribute to Dawn Maloley should be sent to the Chapter 12 trustee in the Toffie Maloley case. The bank should distribute the funds allocable to John Deere Company's security interest to John Deere Company.

DATED:  June 22, 2007

BY THE COURT:

 /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
Toffie A. Maloley     Michael Whaley
*Michael Snyder       U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.