IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-46047-TJM |
| | ) | |
| TOFFIE A. MALOLEY, | ) | |
| | ) | CH. 12 |
| Debtor(s) | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on April 3, 2008, regarding Filing No. 319, Amended Chapter 12 Plan, filed by the debtor; Filing No. 320, Objection to Confirmation of Plan, filed by James A. Overcash, Chapter 12 trustee; and Filing No. 321, Objection to Confirmation of Plan, filed by Dawn L. Maloley, now known as Dawn L. Haarmann. James Nisley appeared for the debtor, Barbara Brogan appeared for Dawn L. Maloley, now known as Dawn L. Haarmann, and James A. Overcash appeared as Chapter 12 trustee.

The debtor has proposed a Chapter 12 plan. His former spouse has objected to confirmation because the plan proposes that the debtor shall keep two Yamaha four-wheelers and pay the debt to the secured creditor. The former spouse, Dawn Maloley, now known as Dawn L. Haarmann, argues that those two items were awarded to her in the divorce decree and that the plan should not be confirmed with the provision for the debtor's continued possession and use.

The position of Dawn Maloley, now known as Dawn Haarmann, is not well taken. The decree of dissolution of marriage and the attachments thereto do not clearly award the Yamaha units to either party. In addition, upon a request by Dawn Maloley, now known as Dawn Haarmann, to find the debtor in contempt of court for failure to turn over the Yamaha units and other things, Judge Murphy of the Nebraska district court made it very clear that it could not be determined from a review of the decree of dissolution of marriage and the attachments who was awarded the Yamaha units.

The objection by Dawn Maloley, now known as Dawn Haarmann, is overruled. Any issues with regard to the Yamaha units can be dealt with in state court and are not significant enough to stop confirmation of this plan.

The second objection was filed by the Chapter 12 trustee who wants the plan to not be confirmed until he receives a plan summary as required by the local rules. Counsel for the debtor agreed to provide the plan summary by April 17, 2008. If the trustee receives the plan summary and notifies the court of such receipt, this plan may be confirmed by the submission of a confirmation order by counsel for the debtor.

IT IS ORDERED that Filing No. 319, Amended Chapter 12 plan, shall be confirmed if a plan summary is served on the Chapter 12 trustee by April 17, 2008. Filing No. 321, Dawn Maloley's Objection to Confirmation of Plan, is overruled.

DATED:    April 8, 2008.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:

*James Nisley
Barbara Brogan
James Overcash
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.